# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT ABRAHAM,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 1:22-CV-00538-RP** |
| **BLUE CROSS AND BLUE SHIELD** | § | |
| **OF TEXAS,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Remand and Request for Rule 11 Sanctions, filed June 21, 2022 (Dkt. 6); Defendant's Response to Motion to Remand, filed June 29, 2022 (Dkt. 7); Defendant's Motion to Dismiss, filed July 1, 2022 (Dkt. 9); and the Appendix to Defendant's Response to Motion to Remand, filed by Order of the Court on November 8, 2022 (Dkt. 11). By Text Orders entered June 23, 2022 and October 4, 2022, the District Court referred the motions to the undersigned Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.   Background

Plaintiff Robert Abraham filed suit against Defendant Blue Cross Blue Shield of Texas ("BCBSTX") in Justice of the Peace Court in Travis County, Texas, on April 28, 2022. *Abraham v. Blue Cross and Blue Shield of Texas*, No. J5-cv-22-262717 (Precinct 5, Travis Cnty., Tex., Apr. 28, 2022). Abraham alleges that he paid $19,545 for out-of-network psychotherapy sessions between 2019 and 2021. Dkt. 1-1 (Petition: Small Claims Case) at 1. Abraham further alleges that

he submitted a partial reimbursement claim to BCBSTX for these services on April 29, 2021, but has not been reimbursed. *Id.* Specifically, Abraham alleges that BCBSTX "has failed to pay the valid claim, delayed the payment of the claim, failed to give me requested information multiple times, ignored messages sent to their online portal, and agents have booted me off of phone calls concerning the reimbursement." *Id.* Abraham asserts that BCBSTX's "mishandling of [his] claim falls within Bad Faith in TX." *Id.*

On June 3, 2022, BCBSTX removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. Dkt. 1. BCBSTX contends that Abraham's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Abraham, who is proceeding *pro se*, moves for remand, arguing that this Court lacks federal question jurisdiction because his insurance plan is not governed by ERISA.

## II.    Legal Standards

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This showing must be made by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Determining whether a case arises under federal law ordinarily turns on the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Under the well-pleaded complaint rule, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Id.* Complete preemption, however, is an

exception to the well-pleaded complaint rule. *Id.* When a federal statute "wholly displaces the state-law cause of action through complete preemption," the state claim can be removed. *Id.*

ERISA is one such federal statute with the "extraordinary pre-emptive power" to "convert[ ] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). ERISA was enacted by Congress in relevant part to protect "the interests of participants in employee benefit plans and their beneficiaries." 29 USC § 1001(b). ERISA applies to "any employee benefit plan . . . established or maintained" by "any employer engaged in commerce." 29 USC § 1003(a).

There are two types of employee benefit plans: "employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C. § 1002(3). ERISA defines an employee welfare benefit plan as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1). Because this case involves medical insurance rather than retirement or deferred income, only an employee welfare benefit plan is at issue. *See id.* § 1002(1)-(2).

If a plan qualifies as an employee welfare benefit plan, ERISA's civil enforcement scheme provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Any state law cause of action that "duplicates, supplements, or supplants the

ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

### III.    Motion to Remand

Abraham argues that the relevant insurance plan is not governed by ERISA because it is fully insured.[1] BCBSTX responds that the plan is governed by ERISA because it is an employer-sponsored group insurance plan, and Abraham has not disputed that  the plan is employer-sponsored.

To remove a lawsuit on the basis of complete preemption, the subject plan must be governed by ERISA. *Paragon Office Servs., LLC v. UnitedHealthGroup, Inc.*, No. 3:11-CV-2205-D, 2012 WL 1019953, at *4 (N.D. Tex. Mar. 27, 2012) ("To decide whether at least one of Plaintiffs' state law claims is completely preempted, the court must first determine whether the plans are ERISA employee welfare benefit plans."). BCBSTX contends that because its allegation that Abraham's plan is governed by ERISA was made in good faith, at this stage of the proceeding, the Court must accept the allegation as true for jurisdictional purposes. On a motion to remand, however, the removing party has the burden to establish that the plan is governed by ERISA. *See Austin v. UNUM Life Ins. Co. of Am.*, No. SA-08-CA-574-FB, 2008 WL 11411309, at *3 (W.D. Tex. Nov. 12, 2008), *R. & R. adopted*, 2008 WL 11411334 (W.D. Tex. Dec. 12, 2008) ("It is well established that the party removing a case to federal court bears the burden of presenting facts to establish the court's subject matter jurisdiction.").

To determine whether a plan qualifies as an employee welfare benefit plan under ERISA, the Fifth Circuit Court of Appeals asks whether the plan (1) exists, (2) falls within the safe-harbor provision established by the Department of Labor, and (3) satisfies the primary elements of an

---

[1] Abraham attached evidence to his Motion for Remand, and BCBSTX objects to its admissibility. The Court need not rule on this objection because it has not relied on the evidence in making its determination.

ERISA "employee benefit plan—establishment or maintenance by an employer intending to benefit employees." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993).

Counsel for BCBSTX submitted a declaration stating that he reviewed BCBSTX's records and the Texas Secretary of State's website and found that the policyholder, Salem Abraham, LLC,[2] has at least two employees who are not members of the company insured under the policy. Dkt. 7 at 8 (Declaration of Andrew F. MacRae). As ordered by the Court (Dkt. 10), BCBSTX also filed the records cited in the MacRae Declaration: the enrollment information and explanation of benefits for the plan at issue. Dkt. 11. The enrollment information shows that multiple employees were enrolled under the policy and that Salem A. Abraham, an employee of Salem Trading Co. ("Salem Trading"), listed Plaintiff Robert Abraham as his dependent on the policy.

Abraham does not dispute that the plan is employer-sponsored or address any element of the *Meredith* three-factor test. Instead, he argues that ERISA does not apply because the plan is not self-funded but fully insured. This contention is incorrect. ERISA applies to both self-funded and fully insured plans. *See North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 468 (5th Cir. 2018) (recognizing existence of fully insured ERISA plans).

The plan at issue was established by employers Salem Abraham, LLC and Salem Trading, the policyholders. *Read v. Sun Life Assurance Co. of Canada*, No. 5:06-CV-258-C, 2007 WL 9751514, at *2 (N.D. Tex. Mar. 21, 2007). From the evidence presented, it is clear that the intended beneficiaries of the policy were Salem Trading employees, that the intended benefits were medical insurance, and that the initial source of financing was a payment made by Salem Trading. *Meredith*, 980 F.2d at 355 (holding that for a plan to exist, "a reasonable person" must be able to "ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving

---

[2] The records provided by BCBSTX indicate that Salem Abraham, LLC and Salem Trading Co. are the policyholders.

benefits"). Salem Trading's purchase of insurance for multiple employees constitutes additional substantial evidence that an ERISA plan has been established. *Compare Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 279 (5th Cir. 2008) (stating that "the purchase of a policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established") *with Taggart Corp. v. Life & Health Benefits Admin., Inc.*, 617 F.2d 1208, 1211 (5th Cir. 1980) (holding that evidence of employer's purchase of insurance for lone employee is insufficient to establish ERISA plan). Accordingly, the Court finds that Abraham's insurance plan qualifies as an employee welfare benefit plan under ERISA, and Abraham's Motion for Remand should be denied.

Because removal was proper, the Court further recommends that Abraham's request for an award of sanctions under Rule 11 for improvident removal be denied.

## IV.    Motion to Dismiss

BCBSTX argues that Abraham's claims should be dismissed because they are completely preempted and fail to state a plausible claim for relief under ERISA. Specifically, BCBSTX argues that Abraham "seeks to recover benefits and/or enforce his rights under the terms of his plan," a claim that is preempted by ERISA, but fails to allege sufficient facts to state a claim the statute. Dkt. 9 at 2.

ERISA's civil enforcement scheme provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has articulated the test for determining whether ERISA completely preempts a non-federal cause of action: A party's state-law claim falls within the scope of § 502(a)(1)(B) and therefore is completely preempted if (1) an

individual could have brought his claim under § 502(a)(1)(B), and (2) there is no independent legal duty that is implicated by the defendant's actions. *Davila*, 542 U.S. 200 at 210.

The first part of the *Davila* inquiry requires the Court to determine whether Abraham could have brought his claims under § 502(a)(1)(B). In other words, the Court must determine whether Abraham has standing to sue under the ERISA statute. *Scott & White Mem'l Hosp. v. Aetna Health Holdings, LLC*, No. 6:17-CV-0075-RP-JCM, 2018 WL 7377912, at *25 (W.D. Tex. Aug. 31, 2018). ERISA confers standing to sue to recover benefits due under a plan on "participants" and "beneficiaries." 29 U.S.C. § 1132(a); *Dallas Cnty. Hosp. Dist. v. Assocs.' Health & Welfare Plan*, 293 F.3d 282, 285 (5th Cir. 2002). Although Abraham is not an employee and therefore not a participant under the statute, Abraham has standing to sue as a beneficiary because he is a dependent covered under the plan. *See Lain v. UNUM Life Ins. Co. of Am.*, 27 F. Supp. 2d 926, 935 (S.D. Tex. 1998) (holding that party had standing to sue as a beneficiary where she was covered by the plan even though she was not a participant); *see also Davila*, 542 U.S. at 211 (holding that wife's claims were completely preempted where she alleged she was a beneficiary under husband's ERISA-governed health insurance plan). Abraham therefore could have sought recovery of the benefits due to him under the terms of his plan or enforcement of his rights under the terms of his plan under § 502(a)(1)(B).

Under *Davila*'s second prong, a cause of action is completely preempted by ERISA "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. This question asks whether a plaintiff in fact is suing under obligations created by the ERISA plan itself, or under obligations independent of the plan and the plan member. *Innova Hosp. San Antonio, L.P. v. Humana Ins. Co.*, 25 F. Supp. 3d 951, 961 (W.D. Tex. 2014) (citing *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 n.3 (5th Cir. 2009)).

Abraham alleges that BCBSTX "failed to pay the valid claim, delayed the payment of the claim, failed to give me requested information multiple times, ignored messages sent to their online portal, and agents have booted me off of phone calls concerning the reimbursement." Dkt. 1-1 at 1. Because these allegations implicate BCBSTX's coverage determination and enforcement of Abraham's rights under the plan, Abraham is suing under obligations created by the ERISA plan itself. *Innova*, 25 F. Supp. 3d at 964 (holding that claims for uncovered expenses "implicate coverage determinations under the terms of the relevant plan" and therefore are preempted by ERISA (quoting *Lone Star*, 579 F.3d at 533)). No independent legal duty can be identified in the Complaint, and Abraham did not respond to the Motion to Dismiss.[3] The Court therefore finds that BCBSTX also has satisfied the second part of the *Davila* inquiry. Accordingly, Abraham's claims are completely preempted by ERISA.

Although the Fifth Circuit has not decided "the appropriate course of action for claims found to be completely preempted," it has identified two possible approaches: (1) dismissal of the state claims, "typically allow[ing] plaintiffs to replead and assert the dismissed state law claims as federal claims," or (2) conversion of the state claims to federal claims and adjudication on the merits. *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015) (quoting *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 949 (E.D. Tex. 2011)). The Fifth Circuit notes that most district courts within this Circuit appear to favor dismissal, and precedent provides support for that approach. *Id.* (citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012)). Thus, the Court recommends that Abraham's claim be dismissed.

---

[3] In Abraham's Motion to Remand, he contends that the insurance plan "is subject to Texas Prompt Pay Rules." Dkt. 6 at 3. Remedies under the Texas Prompt Pay Act ("TPPA") "overlap[ ] with the ERISA enforcement scheme if there is a dispute over whether a claim is 'payable'—whether there has been a denial of benefits because there is a lack of coverage." *Lone Star*, 579 F.3d at 532. Because this case concerns denial of benefits due to lack of coverage, a claim under the TPPA would overlap with the ERISA enforcement scheme and TPPA remedies would be preempted.

As noted, Abraham did not respond to the Motion to Dismiss, and he has not requested leave to amend. The Court therefore recommends that his claim be dismissed without prejudice to repleading as an ERISA claim

## V.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Remand and Request for Rule 11 Sanctions (Dkt. 6), **GRANT** Defendant's Motion to Dismiss (Dkt. 9), and **DISMISS** this cause without prejudice.

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 15, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE